IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

```
WENDE LAPIERRE,                          x

         Plaintiff,              :

vs.                              :    Civil Action File No.
                                      1:14-cv-
FAMILY DOLLAR STORES             :
OF GEORGIA, INC.,
                                 :
         Defendant.
                                 :
--------------------------------------x
```

## COMPLAINT

Plaintiff, Wende LaPierre, by and through her counsel of record, Robert N. Marx of Marx & Marx, L.L.C., as and for her Complaint, respectfully alleges as follows:

<u>PARTIES</u>

1.

Plaintiff, Wende LaPierre ( "Plaintiff" or "Ms. Pierre") is a natural born United States citizen residing within the Northern District of Georgia.

2.

On information and belief, Defendant, Family Dollar Stores of Georgia, Inc. ("Defendant" or "Family Dollar") is a domestic corporation doing business in the Northern District of Georgia.

1

3.

On information and belief, the Registered Agent in Georgia for service of process on Family Dollar is CT Corporation System, 1201 Peachtree Street, N.E. Suite 1240, Atlanta, GA 30361.

## JURISDICTION

4.

The jurisdiction of this Court is invoked pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §§1331.

## JURISDICTIONAL ALLEGATIONS

5.

Family Dollar is engaged in commerce as defined under the Fair Labor Standards Act ("FLSA") at 29 U.S.C.§203(b) and was so engaged during the time of Plaintiff's employment.

6.

On information and belief, Family Dollar is an "enterprise engaged in commerce or in the productions of goods or services for commerce" as defined in 29 U.S.C. §§203(r) and (s). On information and belief, at all relevant times Family Dollar had an annual business dollar volume of at least $500,000.

7.

On information and belief at all relevant times Family Dollar had two or more employees of its enterprise individually engaged in commerce or who otherwise individually meet the traditional test of coverage.

8.

Plaintiff was individually covered by the FLSA as she utilized the instrumentalities of commerce while she performed her job duties for Defendant.

VENUE

9.

Venue is appropriate pursuant to 28 U.S.C. §1391 in that the Northern District of Georgia is the judicial district in which a substantial part of the events giving rise to this claim occurred.

NATURE OF THIS ACTION

10.

This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq*. to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

## FACTS

11.

Plaintiff, Wende LaPierre was employed by Defendant from in or about October 31, 2011 to on or about August 19, 2013.

12.

Ms. LaPierre was employed as Manager of Defendant's Newnan, Georgia store from on or about October 31, 2011 to on or about April 15, 2013. Throughout that period of time, Ms. LaPierre regularly worked in excess of forty (40) hours per week.

13.

During the period that Ms. LaPierre was employed as Manager of Defendant's Newnan, Georgia store, from on or about October 31, 2011 to on or about April 15, 2013, Ms. LaPierre regularly worked an average of seventy-four (74) hours per week.

14.

Despite the fact that Ms. LaPierre worked more than forty (40) hours per week on a regular basis, Defendant did not pay Ms. LaPierre for any of that overtime.

15.

Although Ms. LaPierre was employed in the job title of Manager at Defendant's Newnan, Georgia store, she spent the overwhelming majority of her time performing non-exempt job tasks.

16.

Ms. LaPierre spent on average approximately seventy-five percent (75%) to ninety percent (90%) of her time on non-managerial tasks such as stocking shelves, running the cash register, and unloading trucks.

17.

Ms. LaPierre did not have the authority to discharge employees without first obtaining permission from her district manager.

18.

Ms. LaPierre could not select outside vendors without her district manager's permission.

<u>FIRST CAUSE OF ACTION</u>
<u>Violation of 29 U.S.C.§216(b)</u>
<u>(Fair Labor Standards Act [FLSA])</u>
<u>(Failure to Pay Overtime)</u>

19.

Plaintiff incorporates the allegations of ¶¶1 – 18 to the same force and effect as if pled herein.

20.

Defendant repeatedly and willfully violated the provisions of §§7 and 15(a)(2) of the FLSA, 29 U.S.C. §§207 and 215(a)(2), by employing individuals, including Plaintiff, engaged in commerce, for work weeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

21.

Plaintiff was regularly compelled to work more than 40 hours per week but was not paid overtime compensation as required under the FLSA.

22.

Plaintiff was not an exempt employee under the FLSA.

23.

Defendant's violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

24.

Defendant owes Plaintiff overtime pay for work performed but not compensated in an amount to be determined in this action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Violation of 29 U.S.C.§§211(c), 215(a)(5) and 29 CFR §516)
### (Fair Labor Standards Act [FLSA])
### (Failure to Maintain Time Records)

25.

Plaintiffs incorporate the allegations of ¶¶1 – 24 to the same force and effect as if pled herein.

26.

Within the preceding four years, Defendant, as an employer subject to the provisions of the FLSA, repeatedly violated the provisions of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5) and the Department of Labor Regulations at 29 CFR §516, by failing to make, keep and preserve adequate and accurate records of the persons employed, and of the wages, hours and other conditions and practices of employment maintained by them.

27.

Plaintiff is entitled to relief shifting the burden of proof to the Defendant with regard to the amount of overtime worked due to the violations of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5) and the Department of Labor Regulations at 29 CFR §516.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff requests that this Court:

7

(a) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207 and FLSA §6, 29 U.S.C. §206; liquidated damages, pre-judgment interest on unpaid wages, costs, expert witness fees, and reasonable attorneys' fees as provided under FLSA §16, 29 U.S.C. §216; and all other remedies allowed under the FLSA;

(b) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207 and FLSA §6, 29 U.S.C. §206; liquidated damages, and pre-judgment interest on unpaid wages for willful violation of the FLSA;

(c) Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(d) Award Plaintiff such further and additional relief as may be just and appropriate.

This 27th day of March 2014.

    s/ROBERT N. MARX
Robert N. Marx, Esq.
Georgia Bar No. 475280
Jean Simonoff Marx, Esq.
Georgia Bar No. 475276
Marx & Marx, L.L.C.
5555 Glenridge Connector
Suite 200
Atlanta, Georgia 30342
Telephone: (404) 261-9559
lawyers@marxlaw.com
Attorneys for Plaintiff